**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* SPECIALTY TRUST, INC. ) <br> ) <br> TOM GONZALES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DESERT LAND, LLC et al., ) <br> ) <br> Defendants. ) <br> ) | 3:11-cv-00613-RCJ-VPC <br><br> **ORDER** |

Plaintiff Tom Gonzalez sued Defendants in state court on several state common law causes of action. Defendants removed the case to the bankruptcy court pursuant to 28 U.S.C. § 1334(b). Judge Zive has recommended withdrawal of the reference, and Defendants have moved for the Court to adopt the recommendation.

It is clear from the substance of the Complaint that Plaintiff ultimately seeks interpretations and enforcement of an existing confirmation order under Title 11. Therefore, it would normally be appropriate for the case to remain referred to the bankruptcy court, so that the judge who issued the disputed core bankruptcy order could interpret it in the first instance. However, as Judge Zive has noted, in this case I myself made the relevant rulings as a bankruptcy judge before being invested as a district judge in 2003. Under these circumstances, I will grant the request to withdraw the reference pursuant to 28 U.S.C. § 157(d), and assign the case to myself pursuant to Local Bankruptcy Rule 5011(e).

1  There is cause to withdraw the reference under § 157(d), because determination in this Court would be more efficient and result in greater uniformity of administration of the bankruptcy, without any additional cost or delay, and there is no indication of forum shopping except to the extent that forum shopping is appropriate in this case to obtain rulings from the same judge who issued the disputed bankruptcy orders. *See Vacation Vill., Inc. v. Clark Cnty., Nev.*, 497 F.3d 902, 914 (9th Cir. 2007) (quoting *In re Cantor*, 299 F.3d 1150, 1154 (9th Cir. 2002) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997))). Specifically, I issued the disputed confirmation order myself as a bankruptcy judge, and the Complaint also includes at least one cause of action (judicial foreclosure) that cannot be finally adjudicated by a non-Article III judge absent consent of all parties.  Therefore, if not withdrawn, the bankruptcy judge could only make recommendations on this cause of action, and a de novo review would be required in this Court, causing additional cost and delay.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Withdraw the Reference (ECF Nos. 1, 4) are GRANTED.

IT IS FURTHER ORDERED that the case is ASSIGNED to this Court for further proceedings.

IT IS SO ORDERED.

Dated this 7th day of October, 2011.

_____
ROBERT C. JONES
United States District Judge