# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TOM GONZLES,<br><br>                Plaintiff,<br><br>vs.<br><br>DESERT LAND, LLC et al.,<br><br>                Defendants. | 3:11-cv-00613-RCJ-VPC<br><br>**ORDER** |

      This bankruptcy removal case arises out of the alleged breach of a settlement agreement that was part of a confirmation plan in a Chapter 11 bankruptcy action. The claims appear to be core bankruptcy claims, but the parties and the bankruptcy judge have agreed that the case should be withdrawn in its entirety because I issued the relevant confirmation order while sitting as a bankruptcy judge. Pending before the Court is Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss (ECF No. 13) and Specialty Trust, Inc.'s, Specialty Mortgage Corp.'s, and Speciality Strategic Financing Fund, LP's (collectively, "Specialty") Motion for Summary Judgment (ECF No. 17). For the reasons given herein, the Court grants the motions.

## I.    FACTS AND PROCEDURAL HISTORY

      On December 7, 2000, Plaintiff Tom Gonzales loaned $41.5 million to Defendants Desert Land, LLC and Desert Oasis Apartments, LLC to finance their acquisition and/or development of land ("Parcel A") in Las Vegas, Nevada. The loan was secured by a deed of trust. On May

1  31, 2002, Desert Land and Desert Oasis Apartments, as well as Desert Ranch, LLC (collectively,

2  the "Desert Entities"), each filed for bankruptcy, and I jointly administered those three

3  bankruptcies while sitting as a bankruptcy judge.  I confirmed the second amended plan, and the

4  confirmation order included a finding that a settlement had been reached under which Gonzales

5  would extinguish his note and reconvey his deed of trust, Gonzales and another party would

6  convey their fractional interests in Parcel A to Desert Land so that Desert Land would own 100%

7  of Parcel A, Gonzales would receive Desert Ranch's 65% in interest in another property, and

8  Gonzales would receive $10 million if Parcel A were sold or transferred after 90 days (the

9  "Parcel Transfer Fee").  Gonzales appealed the confirmation order, and the Bankruptcy

10 Appellate Panel affirmed except as to a provision of the order subordinating Gonzales's interest

11 in the Parcel Transfer Fee to up to $45 million in financing obtained by the Desert Entities.

12       Gonzales sued Desert Land, Desert Oasis Apartments, Desert Oasis Investments, LLC,

13 Specialty Trust, Specialty Strategic Financing Fund, LP, Eagle Mortgage Co., and Wells Fargo

14 (as trustee for a mortgage-backed security) in state court for: (1) declaratory judgment that a

15 transfer has occurred entitling hin to the Parcel Transfer Fee; (2) declaratory judgment that the

16 lender Defendants knew of the bankruptcy proceedings and the requirement of the Parcel

17 Transfer Fee; (3) breach of contract (for breach of the confirmation order); (4) breach of the

18 implied covenant of good faith and fair dealing (same); (5) judicial foreclosure against Parcel A

19 under Nevada law; and (6) injunctive relief.  Defendants removed to the Bankruptcy Court.  The

20 Bankruptcy Court recommended withdrawal of the reference because I issued the underlying

21 confirmation order as a bankruptcy judge.  One or more parties so moved, and the Court granted

22 the motion.  Wells Fargo has moved to dismiss the second and fifth causes of action.  Specialty

23 has moved for summary judgment on those causes of action.

24 ///

25 ///

## II. LEGAL STANDARDS

### A. Rule 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

1 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
2 motion to dismiss" without converting the motion to dismiss into a motion for summary
3 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule
4 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
5 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court
6 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
7 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th
8 Cir. 2001).

### B. Rule 56(a)

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an

1  element essential to that party's case on which that party will bear the burden of proof at trial.
2  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,
3  summary judgment must be denied and the court need not consider the nonmoving party's
4  evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

5  If the moving party meets its initial burden, the burden then shifts to the opposing party
6  to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio*
7  *Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing
8  party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
11 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment
12 by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v.*
13 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions
14 and allegations of the pleadings and set forth specific facts by producing competent evidence that
15 shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

16 At the summary judgment stage, a court's function is not to weigh the evidence and
17 determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
18 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
19 to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely
20 colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

21 **III.    ANALYSIS**

22 Wells Fargo is correct that Plaintiff's entitlement to the Parcel Transfer Fee, even
23 assuming it has become a present interest via the transfer of Parcel A, is in no case a lien
24 enforceable by foreclosure.  Plaintiff does not allege that any party deeded Parcel A to him via
25 the confirmation order or otherwise.  And it is clear from the transcripts and the settlement

1  agreement that Plaintiff gave up his previous deed of trust against Parcel A via the settlement
2  agreement, i.e., in exchange for a fractional interest in the New World property. (*See* Hr'g Tr.
3  4:16–7:18, Jan. 31, 2003, ECF No. 139 in Bankr. Case No. 02-16202).  Nor did the parties have
4  any intent to create an equitable lien.  As Wells Fargo notes, not only is there no indication of
5  any conveyance of title to Plaintiff, or to any trustee as security for a debt owed to Plaintiff, the
6  settlement agreement explicitly disclaims any intent to create a lien against Parcel A pursuant to
7  the Parcel Transfer Fee. (*See* Settlement Agreement ¶ 1.1(b), ECF No. 2, at 59).  Plaintiff simply
8  has, potentially, an immediate claim to $10 million under the confirmation order due to the
9  transfer of Parcel A.

10  If Plaintiff were to obtain a money judgment against an owner of Parcel A in the present
11  case, he could then apply for a writ of attachment against Parcel A (or against any other
12  reachable property of the judgment debtor) to satisfy the judgment if Parcel A is owned in full or
13  in part by such judgment debtor.  Or he could bring a claim for a declaration of priority as
14  between his judgment lien and other security interests concerning Parcel A.  But he has no lien
15  today.  The Court therefore grants Wells Fargo's motion to dismiss as to the second and fifth
16  causes of action.  For the same reasons, the Court grants Specialty's motion for summary
17  judgment as against the second and fifth causes of action.  The first, third, fourth, and sixth
18  claims against the Desert Entities and Eagle Mortgage Co. remain.
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 17) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Hearing (ECF No. 18) is DENIED as moot.

IT IS SO ORDERED.

Dated this 29th day of November, 2011.

_____
ROBERT C. JONES
United States District Judge