# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TOM GONZALES,  )<br>          )<br>     Plaintiff,  )<br>          )     3:11-cv-00613-RCJ-VPC<br>     vs.  )<br>          )<br>DESERT LAND, LLC et al.,  )     **ORDER**<br>          )<br>     Defendants.  )<br>          )  | |

This bankruptcy removal case arises out of the alleged breach of a settlement agreement that was part of a confirmation plan in a Chapter 11 bankruptcy action. The claims appear to be core bankruptcy claims, but the parties and the bankruptcy judge have agreed that the case should be withdrawn in its entirety because I issued the relevant confirmation order while sitting as a bankruptcy judge. Pending before the Court are cross motions for summary judgment and a motion for hearing. For the reasons given herein, the Court denies the motion for hearing, denies Plaintiff's Motion for Summary Judgment (ECF No. 95), and grants Defendants' Counter-motion for Summary Judgment (ECF No. 107).

I.      FACTS AND PROCEDURAL HISTORY

On December 7, 2000, Plaintiff Tom Gonzales loaned $41.5 million to Defendants Desert Land, LLC and Desert Oasis Apartments, LLC to finance their acquisition and/or development of land ("Parcel A") in Las Vegas, Nevada. The loan was secured by a deed of trust. On May 31,

2002, Desert Land and Desert Oasis Apartments, as well as Desert Ranch, LLC (collectively, the "Desert Entities"), each filed for bankruptcy, and I jointly administered those three bankruptcies while sitting as a bankruptcy judge. I confirmed the second amended plan, and the Confirmation Order included a finding that a settlement had been reached under which Gonzales would extinguish his note and reconvey his deed of trust, Gonzales and another party would convey their fractional interests in Parcel A to Desert Land so that Desert Land would own 100% of Parcel A, Gonzales would receive Desert Ranch's 65% in interest in another property, and Gonzales would receive $10 million if Parcel A were sold or transferred after 90 days (the "Parcel Transfer Fee"). Gonzales appealed the Confirmation Order, and the Bankruptcy Appellate Panel affirmed, except as to a provision subordinating Gonzales's interest in the Parcel Transfer Fee to up to $45 million in financing obtained by the Desert Entities.

Gonzales sued Desert Land, Desert Oasis Apartments, Desert Oasis Investments, LLC, Specialty Trust, Specialty Strategic Financing Fund, LP, Eagle Mortgage Co., and Wells Fargo (as trustee for a mortgage-backed security) in state court for: (1) declaratory judgment that a transfer has occurred entitling hin to the Parcel Transfer Fee; (2) declaratory judgment that the lender Defendants knew of the bankruptcy proceedings and the requirement of the Parcel Transfer Fee; (3) breach of contract (for breach of the Confirmation Order); (4) breach of the implied covenant of good faith and fair dealing (same); (5) judicial foreclosure against Parcel A under Nevada law; and (6) injunctive relief. Defendants removed to the Bankruptcy Court. The Bankruptcy Court recommended withdrawal of the reference because I issued the underlying Confirmation Order while sitting as a bankruptcy judge. One or more parties so moved, and the Court granted the motion. The Court has dismissed the second and fifth causes of action. The first, third, fourth, and sixth claims against the Desert Entities and Eagle Mortgage Co. remain. Plaintiff has moved for summary judgment on the remaining causes of action, and Defendants have moved for summary judgment on the first cause of action.

## II. LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. ANALYSIS

The facts are not disputed. Only the legal effects of those facts is at issue. The facts most relevant to the present motions concern Desert Land's option under the Confirmation Order to purchase certain additional land (the "FLT Option").[1] After entry of the Confirmation Order, Desert Land transferred the FLT Option to non-Debtor Desert Oasis Investments. Desert Oasis Investments then exercised the FLT Option. The question is whether this series of events constitutes a "transfer" triggering the Parcel Transfer Fee under the Confirmation Order.

Plaintiff argues that because of the transfer of the FLT Option from Desert Land to Desert Oasis Investments and Desert Oasis Investments' later exercise of the FLT Option, Plaintiff is entitled to the Parcel Transfer Fee from Desert Land under the Confirmation Order, because part

---

[1] The FLT Option was originally an additional piece of collateral used to secure Plaintiff's $41 million loan to Desert Land, in addition to a first priority lien against Parcel A. (Settlement Agreement 1 ¶¶ A–B, ECF No. 95-5, at 31).

of what now constitutes Parcel A is owned by an entity other than Desert Land.  Plaintiff asks the Court to so declare, and also to rule that Desert Land is liable for breach of contract and breach of the implied covenant of good faith and fair dealing for refusing to pay the Parcel Transfer Fee upon demand.  Defendants respond that Parcel A has not been transferred under the meaning of the Confirmation Order, because Desert Land only transferred the FLT Option, and the land purchased by Desert Oasis Investments under the FLT Option only became a part of Parcel A after Desert Land transferred the FLT Option.  Therefore, no part of Parcel A has ever been "transferred."

The Court agrees with Defendants.  Although under the Settlement Agreement, which was ruled binding by the Confirmation Order, (*see* Confirmation Order 2:23–26, Apr. 21, 2003, ECF No. 95-5, at 2), any land purchased by exercise of the FLT Option automatically became a part of Parcel A, and the "sale, transfer or other conveyance of all or any part of Parcel A" would trigger the Parcel Transfer Fee, (Settlement Agreement defs. 58, 60, ECF No. 95-5, at 65), the intent of the Settlement Agreement was that the Parcel Transfer Fee would not be due until Bulloch and Griffin disposed of their interest in the land or of their interest in the entities that owned the land.  It is clear from the record that the FLT Option was not exercised until after the Option was transferred, and thus no part of Parcel A was transferred, but only an option to purchase a part of Parcel A.   In any case, the true intent of the plan was for the Parcel Transfer Fee to be triggered only upon a transfer of ownership away from Defendants and their principals.  The transfer here was in order to allow new financing on the property and for the purpose of exercising the option, which Plaintiff was apparently impeding.

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Hearing (ECF No. 119) is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 95) is DENIED.  Plaintiff shall submit a proposed form of judgment.

IT IS FURTHER ORDERED that the Counter-motion for Summary Judgment (ECF No. 107) is GRANTED.

IT IS SO ORDERED.

Dated this 4th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge