# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| TOM GONZALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:11-cv-00613-RCJ-VPC |
| vs. ) | |
| ) | |
| DESERT LAND, LLC et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This bankruptcy removal case arises out of the alleged breach of a settlement agreement that was part of a confirmation plan in a Chapter 11 bankruptcy action. The claims appear to be core bankruptcy claims, but the parties and the bankruptcy judge agreed that the case should be withdrawn in its entirety because I issued the relevant confirmation order while sitting as a bankruptcy judge. Pending before the Court are a Motion for Judgment (ECF No. 132) and a Motion for Reconsideration and Clarification (ECF No. 133).

## I.    FACTS AND PROCEDURAL HISTORY

On December 7, 2000, Plaintiff Tom Gonzales loaned $41.5 million to Defendants Desert Land, LLC and Desert Oasis Apartments, LLC to finance their acquisition and/or development of land ("Parcel A") in Las Vegas, Nevada. The loan was secured by a deed of trust. On May 31, 2002, Desert Land and Desert Oasis Apartments, as well as Desert Ranch, LLC (collectively, the "Desert Entities"), each filed for bankruptcy, and I jointly administered those three bankruptcies

while sitting as a bankruptcy judge.  I confirmed the second amended plan, and the Confirmation Order included a finding that a settlement had been reached under which Gonzales would extinguish his note and reconvey his deed of trust, Gonzales and another party would convey their fractional interests in Parcel A to Desert Land so that Desert Land would own 100% of Parcel A, Gonzales would receive Desert Ranch's 65% in interest in another property, and Gonzales would receive $10 million if Parcel A were sold or transferred after 90 days (the "Parcel Transfer Fee").  Gonzales appealed the Confirmation Order, and the Bankruptcy Appellate Panel affirmed, except as to a provision subordinating Gonzales's interest in the Parcel Transfer Fee to up to $45 million in financing obtained by the Desert Entities.

Gonzales sued Desert Land, Desert Oasis Apartments, Desert Oasis Investments, LLC, Specialty Trust, Specialty Strategic Financing Fund, LP, Eagle Mortgage Co., and Wells Fargo (as trustee for a mortgage-backed security) in state court for: (1) declaratory judgment that a transfer has occurred entitling hin to the Parcel Transfer Fee; (2) declaratory judgment that the lender Defendants knew of the bankruptcy proceedings and the requirement of the Parcel Transfer Fee; (3) breach of contract (for breach of the Confirmation Order); (4) breach of the implied covenant of good faith and fair dealing (same); (5) judicial foreclosure against Parcel A under Nevada law; and (6) injunctive relief.  Defendants removed to the Bankruptcy Court.  The Bankruptcy Court recommended withdrawal of the reference because I issued the underlying Confirmation Order while sitting as a bankruptcy judge.  One or more parties so moved, and the Court granted the motion.  The Court dismissed the second and fifth causes of action.  The first, third, fourth, and sixth claims against the Desert Entities and Eagle Mortgage Co. remained at that stage, and the Court later granted Defendants' counter-motion for summary judgment. Plaintiff has asked the Court to reconsider and to clarify which, if any, of its claims remain. Defendants have asked the Court to certify its March 4, 2013 summary judgment order under Rule 54(b) and to enter judgment in their favor on all claims.

## II.   DISCUSSION

First, the Court will not reconsider its March 4, 2013 summary judgment order. Second, the Court clarifies that it intended to grant defensive summary judgment to Defendants on all claims. Plaintiffs argue that the Court granted summary judgment only on the first claim for declaratory judgment. But the contract and injunction claims evaporated once the Court ruled that the Parcel Transfer Fee had not been triggered, because that condition was necessary for Defendants' failure to pay it to constitute a breach. Third, the Court will certify the order for immediate appeal. Defendants are correct that Plaintiff has not yet submitted a proposed judgment, as instructed. Defendants may submit a proposed final judgment.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment (ECF No. 132) is GRANTED. Because Plaintiff has not yet submitted a proposed final judgment, Defendants may submit one.

IT IS FURTHER ORDERED that the Motion for Reconsideration and Clarification (ECF No. 133) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge