UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TOM GONZALES, | ) | |
|         Plaintiff, | ) | |
| vs. | ) | 3:11-cv-00613-RCJ-VPC |
| DESERT LAND, LLC et al., | ) | **ORDER** |
|         Defendants. | ) | |

This bankruptcy removal case arises out of the alleged breach of a settlement agreement that was part of a confirmation plan in a Chapter 11 bankruptcy action. Pending before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 140). For the reasons given herein, the Court denies the motion.

I.    **FACTS AND PROCEDURAL HISTORY**

On December 7, 2000, Plaintiff Tom Gonzales loaned $41.5 million to Defendants Desert Land, LLC and Desert Oasis Apartments, LLC to finance their acquisition and/or development of land ("Parcel A") in Las Vegas, Nevada. The loan was secured by a deed of trust. On May 31, 2002, Desert Land and Desert Oasis Apartments, as well as Desert Ranch, LLC (collectively, the "Desert Entities"), each filed for bankruptcy, and I jointly administered those three bankruptcies while sitting as a bankruptcy judge. I confirmed the second amended plan, and the Confirmation Order included a finding that a settlement had been reached under which Gonzales would

extinguish his note and reconvey his deed of trust, Gonzales and another party would convey their fractional interests in Parcel A to Desert Land so that Desert Land would own 100% of Parcel A, Gonzales would receive Desert Ranch's 65% in interest in another property, and Gonzales would receive $10 million if Parcel A were sold or transferred after 90 days (the "Parcel Transfer Fee").  Gonzales appealed the Confirmation Order, and the Bankruptcy Appellate Panel affirmed, except as to a provision subordinating Gonzales's interest in the Parcel Transfer Fee to up to $45 million in financing obtained by the Desert Entities.

Gonzales sued Desert Land, Desert Oasis Apartments, Desert Oasis Investments, LLC, Specialty Trust, Specialty Strategic Financing Fund, LP, Eagle Mortgage Co., and Wells Fargo (as trustee for a mortgage-backed security) in state court for: (1) declaratory judgment that a transfer has occurred entitling hin to the Parcel Transfer Fee; (2) declaratory judgment that the lender Defendants knew of the bankruptcy proceedings and the requirement of the Parcel Transfer Fee; (3) breach of contract (for breach of the Confirmation Order); (4) breach of the implied covenant of good faith and fair dealing (same); (5) judicial foreclosure against Parcel A under Nevada law; and (6) injunctive relief.  Defendants removed to the Bankruptcy Court.  The Bankruptcy Court recommended withdrawal of the reference because I issued the underlying Confirmation Order while sitting as a bankruptcy judge.  One or more parties so moved, and the Court granted the motion.  The Court dismissed the second and fifth causes of action.  The first, third, fourth, and sixth claims against the Desert Entities and Eagle Mortgage Co. remained at that stage, and the Court later granted Defendants' counter-motion for summary judgment.  Most recently, Plaintiff asked the Court to reconsider and to clarify which, if any, of its claims remained, and Defendants asked the Court to certify its March 4, 2013 summary judgment order under Rule 54(b) and to enter judgment in their favor on all claims.  The Court denied the motion to reconsider, clarified that it had intended to rule on all claims, certified the March 4, 2013 ruling for immediate appeal, and invited Defendants to submit a proposed judgment, as Plaintiffs

had not yet done so.  Defendants have now submitted a proposed judgment, and Plaintiff has asked the Court to enjoin Defendants from further encumbering Parcel A with loans or mechanic's liens until the Court of Appeals rules.

## II. DISCUSSION

The Court denies the motion.  Plaintiff has not shown a likelihood of irreparable harm, because his claim is one for payment of money under the Confirmation Order, i.e., the Parcel Transfer Fee.  That measure of relief cannot be irreparably lost by any liens over-encumbering Parcel A.  The transfer of Parcel A is simply the trigger for the payment of the Parcel Transfer Fee under the Confirmation Order.  Plaintiff has no direct interest in Parcel A itself.  Even if the Court of Appeals were to reverse on this point and hold that Plaintiff has an immediately enforceable equitable lien against Parcel A itself to secure the payment of the Parcel Transfer Fee, Plaintiff's right to the title of the land is not at risk, and any lost value of that collateral through encumbrance or waste is plainly reparable with money damages.  Plaintiff can be assured that the Court will, if the Court of Appeals reverses and rules that Plaintiff has an equitable lien against Parcel A, ensure that he is fully compensated, i.e., that the Court will retain jurisdiction to adjudicate any deficiency after foreclosure of Parcel A to satisfy the Parcel Transfer Fee.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction (ECF No. 140) is DENIED.

IT IS SO ORDERED.

Dated this 28th day of May, 2013.

_____
ROBERT C. JONES
United States District Judge