UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOM GONZALES,<br><br>          Plaintiff,<br><br>vs.<br><br>DESERT LAND, LLC et al.,<br><br>          Defendants. | 3:11-cv-00613-RCJ-VPC<br><br>**ORDER** |

This bankruptcy removal case arises out of the alleged breach of a settlement agreement that was part of a confirmation plan in a Chapter 11 bankruptcy action. Pending before the Court is Plaintiff's Motion to Stay Proceedings and Judgment Pending Appeal (ECF No. 155). For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

On December 7, 2000, Plaintiff Tom Gonzales loaned $41.5 million to Defendants Desert Land, LLC and Desert Oasis Apartments, LLC to finance their acquisition and/or development of land ("Parcel A") in Las Vegas, Nevada. The loan was secured by a deed of trust. On May 31, 2002, Desert Land and Desert Oasis Apartments, as well as Desert Ranch, LLC (collectively, the "Desert Entities"), each filed for bankruptcy, and I jointly administered those three bankruptcies while sitting as a bankruptcy judge. I confirmed the second amended plan, and the Confirmation Order included a finding that a settlement had been reached under which Gonzales would

extinguish his note and reconvey his deed of trust, Gonzales and another party would convey their fractional interests in Parcel A to Desert Land so that Desert Land would own 100% of Parcel A, Gonzales would receive Desert Ranch's 65% in interest in another property, and Gonzales would receive $10 million if Parcel A were sold or transferred after 90 days (the "Parcel Transfer Fee").  Gonzales appealed the Confirmation Order, and the Bankruptcy Appellate Panel affirmed, except as to a provision subordinating Gonzales's interest in the Parcel Transfer Fee to up to $45 million in financing obtained by the Desert Entities.

Gonzales sued Desert Land, Desert Oasis Apartments, Desert Oasis Investments, LLC, Specialty Trust, Specialty Strategic Financing Fund, LP, Eagle Mortgage Co., and Wells Fargo (as trustee for a mortgage-backed security) in state court for: (1) declaratory judgment that a transfer has occurred entitling hin to the Parcel Transfer Fee; (2) declaratory judgment that the lender Defendants knew of the bankruptcy proceedings and the requirement of the Parcel Transfer Fee; (3) breach of contract (for breach of the Confirmation Order); (4) breach of the implied covenant of good faith and fair dealing (same); (5) judicial foreclosure against Parcel A under Nevada law; and (6) injunctive relief.  Defendants removed to the Bankruptcy Court.  The Bankruptcy Court recommended withdrawal of the reference because I issued the underlying Confirmation Order while sitting as a bankruptcy judge.  One or more parties so moved, and the Court granted the motion.

The Court dismissed the second and fifth causes of action.  The first, third, fourth, and sixth claims against the Desert Entities and Eagle Mortgage Co. remained at that stage, and the Court later granted Defendants' counter-motion for summary judgment.  Plaintiff asked the Court to reconsider and to clarify which, if any, of its claims remained, and Defendants asked the Court to certify its March 4, 2013 summary judgment order under Rule 54(b) and to enter judgment in their favor on all claims.  The Court denied the motion to reconsider, clarified that it had intended to rule on all claims, certified the March 4, 2013 ruling for immediate appeal, and

invited Defendants to submit a proposed judgment, as Plaintiffs had not yet done so. Defendants submitted a proposed judgment, and Plaintiff asked the Court to enjoin Defendants from further encumbering Parcel A with loans or mechanic's liens until the Court of Appeals rules. The Court denied that motion. Plaintiff has asked the Court to stay the proceedings and judgment pending appeal.

## II. DISCUSSION

The Court denies the motion. Plaintiff has not shown a strong likelihood of success on appeal, and the loss of the immediate right to the Parcel Transfer Fee is plainly reparable via money damages.

The Court rejects Plaintiff's attempt to characterize his interest as one in real property in order to invoke the doctrine that the loss of real property is irreparable. First, the fact that the Parcel Transfer Fee would be triggered by Defendants' transfer of Parcel A does not mean that Plaintiff's own interest is in that real property. Plaintiff's interest is only in the Parcel Transfer Fee. Second, although Plaintiff alleges an equitable lien against Parcel A for the amount of the Parcel Transfer Fee, his alleged interest in the real property in this regard (which the Court has found does not apply in this case) arises under the law only for the purpose of satisfying the lien, not for the purpose of obtaining the property for continued ownership or use. In other words, as contradistinguished from a frustrated purchaser of real property, Plaintiff's interest is not an interest in the land qua land but rather an interest in the money value of the land. Plaintiff clearly has no interest in the unique nature of the land, because the law of foreclosure requires him to sell it. Indeed, the right to sell the land to satisfy the debt out of which the lien arises is a lienor's *only* interest in the land. If Plaintiff were found on appeal to have an equitable lien in Parcel A, and if he insisted upon enforcing it by foreclosure, his legal duty to Defendants would be to sell the land in a commercially reasonable manner, satisfy his lien out of the proceeds, and then distribute any surplus to Defendants. But he has no interest in the unique nature of the land, even

assuming he has an equitable lien against it. He therefore cannot argue that the unique nature of land supports his argument of irreparable harm in the context of a motion for an injunction or to stay the judgment. Plaintiff's interest in the Parcel Transfer Fee, even assuming that it has been triggered and that it gives him an equitable lien against Parcel A, is reparable via money damages.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay Proceedings and Judgment Pending Appeal (ECF No. 155) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge