1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

*In re* SPECIALTY TRUST, INC.,                    )
                                                  )
                        Debtor.                   )
_____           )
                                                  )
TOM GONZALES,                                     )
                                                  )          3:11-cv-00613-RCJ-VPC
                        Plaintiff,                )
                                                  )                **ORDER**
        vs.                                       )
                                                  )
DESERT LAND, LLC et al.,                          )
                                                  )
                        Defendants.               )
_____           )

This bankruptcy removal case arises out of the alleged breach of a settlement agreement that was part of a confirmation plan in a Chapter 11 bankruptcy action. Pending before the Court is a Motion to Strike Jury Demand (ECF No. 175). For the reasons given herein, the Court denies the motion as moot, enters judgment *nunc pro tunc*, and closes the case. Neither the motion nor the response note that all claims in this case have been finally adjudicated and affirmed on appeal. The timing of the jury demand is moot.

On December 7, 2000, Plaintiff Tom Gonzales loaned $41.5 million to Defendants Desert Land, LLC and Desert Oasis Apartments, LLC to finance their acquisition and/or development of land ("Parcel A") in Las Vegas, Nevada. The loan was secured by a deed of trust. On May 31, 2002, Desert Land and Desert Oasis Apartments, as well as Desert Ranch, LLC (collectively, the "Desert Entities"), each filed for bankruptcy, and I jointly administered those three bankruptcies

1   while sitting as a bankruptcy judge.  I confirmed the second amended plan, and the Confirmation

2   Order included a finding that a settlement had been reached under which Gonzales would

3   extinguish his note and reconvey his deed of trust, Gonzales and another party would convey

4   their fractional interests in Parcel A to Desert Land so that Desert Land would own 100% of

5   Parcel A, Gonzales would receive Desert Ranch's 65% in interest in another property, and

6   Gonzales would receive $10 million if Parcel A were sold or transferred after 90 days (the

7   "Parcel Transfer Fee").  Gonzales appealed the Confirmation Order, and the Bankruptcy

8   Appellate Panel affirmed, except as to a provision subordinating Gonzales's interest in the Parcel

9   Transfer Fee to up to $45 million in financing obtained by the Desert Entities.

10          Gonzales sued Desert Land, Desert Oasis Apartments, Desert Oasis Investments, LLC,

11  Specialty Trust, Specialty Strategic Financing Fund, LP, Eagle Mortgage Co., and Wells Fargo

12  (as trustee for a mortgage-backed security) in state court for: (1) declaratory judgment that a

13  transfer has occurred entitling hin to the Parcel Transfer Fee; (2) declaratory judgment that the

14  lender Defendants knew of the bankruptcy proceedings and the requirement of the Parcel

15  Transfer Fee; (3) breach of contract (for breach of the Confirmation Order); (4) breach of the

16  implied covenant of good faith and fair dealing (same); (5) judicial foreclosure against Parcel A

17  under Nevada law; and (6) injunctive relief.  Defendants removed to the Bankruptcy Court.  The

18  Bankruptcy Court recommended moving to withdraw the reference because I had issued the

19  underlying Confirmation Order while sitting as a bankruptcy judge.  One or more parties so

20  moved, and the Court granted the motion.

21          The Court dismissed the second and fifth causes of action.  The first, third, fourth, and

22  sixth claims against the Desert Entities and Eagle Mortgage Co. remained at that stage, and the

23  Court later granted Defendants' counter-motion for summary judgment.  Plaintiff asked the Court

24  to reconsider and to clarify which, if any, of its claims remained, and Defendants asked the Court

25  to certify its March 4, 2013 summary judgent order under Rule 54(b) and to enter judgment in

1    their favor on all claims.

2        On April 25, 2013, the Court denied the motion to reconsider, clarified that it had

3 intended to rule on all claims, and certified the March 4, 2013 ruling as a final ruling on all

4 claims for immediate appeal.  Defendants submitted a proposed judgment.  The Court never

5 formally entered that proposed judgment, but the Court of Appeals accepted jurisdiction under 28

6 U.S.C. § 1291.  The Court of Appeals affirmed the judgment (and subsequent orders denying

7 various requests for relief, which the Court of Appeals accepted jurisdiction to review under

8 § 1292(a)(1)).  The mandate has issued.  Defendants have asked the Court to strike the jury

9 demand.  The Court denies the motion as moot.  The Court should have directed the Clerk to

10 formally enter judgment and close the case when it certified the March 4, 2013 ruling as final for

11 immediate appeal.  The Court has adjudicated all claims in this case, the Court of Appeals has

12 affirmed, and the mandate has issued.[1]

13 **CONCLUSION**

14        IT IS HEREBY ORDERED that the Motion to Strike Jury Demand (ECF No. 175) is

15 DENIED as moot.

16        IT IS FURTHER ORDERED that the Clerk shall enter the Proposed Judgment (ECF No.

17 142) effective April 25, 2013, *nunc pro tunc*, and close the case administratively.

18        IT IS SO ORDERED.

19 Dated this 20th day of October, 2014.

20

21                     ROBERT C. JONES
                     United States District Judge

22

23

24 _____

25      [1]The related case, *Gonzales v. Shotgun Nevada Investments*, No. 2:13-cv-931, remains open.