**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* SPECIALTY TRUST, INC.,<br><br>              Debtor.<br>_____<br><br>TOM GONZALES,<br><br>              Plaintiff,<br><br>     vs.<br><br>DESERT LAND, LLC et al.,<br><br>              Defendants. | 3:11-cv-00613-RCJ-VPC<br><br>**ORDER** |

       This case arises out of the alleged breach of a settlement agreement that was part of a confirmation plan in a Chapter 11 bankruptcy case. The Court recently ordered the Clerk to enter judgment in this case *nunc pro tunc* as of the date the Court clarified that it had intended a previous order to finally adjudicate all claims, because the claims had been affirmed on appeal. The Court had neglected to enter the proposed final judgment it solicited from Defendants as an administrative matter, but the Court of Appeals accepted jurisdiction under 28 U.S.C. § 1291 and ruled as if the Court had entered judgment. Plaintiff has asked the Court to reconsider, arguing that because he filed a supplemental complaint while the case was on appeal, the Court must adjudicate the claims therein. The Court disagrees and strikes that pleading, as well as the answer thereto, because Plaintiff did not request leave to file any supplemental complaint. "[W]hile a party may freely offer an amendment at any time before a responsive pleading is

served, supplements always require leave of the court." *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1504, at 186 (2d ed. 1990)).

In reply, Plaintiff argues that the Court granted him leave to file the SC in the present case via an order it issued in another case. (*See* Order, ECF No. 24 in Case No. 2:13-cv-931 ("If Plaintiff truly believes the recent encumbrances of Parcel A have triggered the Parcel Transfer Fee independently of the acts already complained of in the '613 Case, he may file a supplemental claim to that effect in that case.")). No. The Court in the '931 Case merely suggested a more appropriate route for Plaintiff to present his new allegations. Plaintiff never actually requested or received permission to file the SC in the present case. If he had, the Court would likely have denied it, because all claims had been finally adjudicated, and the case was before the Court of Appeals. That presumably does not foreclose Plaintiff from filing a new case based upon the new allegations—the Court makes no comment here as to preclusion issues—but the present case is closed, and the Court will not address supplemental claims presented without leave and, more importantly, while the finally adjudicated case was on appeal, and where the Court of Appeals has affirmed the grant of summary judgment.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 181) is DENIED.

IT IS FURTHER ORDERED that the pleadings at ECF Nos. 159 and 160 are STRICKEN.

IT IS SO ORDERED.

Dated this 16th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge